PER CURIAM.
Hermine Alati appeals from an order that dismissed her claim against appellee for child support arrearages. The arrear-ages accumulated before the court entered the final judgment of dissolution. Appellant contends the trial court erred when it determined that her claim for arrearages had merged into the final judgment and was therefore barred. We agree with appellant and reverse.
The trial court incorporated the parties’ property settlement agreement into the final judgment. The property settlement agreement provided for child support. Moreover, the parties agreed therein that: “None of the provisions of this agreement shall merge into such judgment or decree.”
We note that three judges presided at various stages in this dissolution action. Judge Wessel, however, was the judge who presided at the final hearing of dissolution. He made it clear at that time that he did not intend the final judgment to bar appellant’s claim for child support arrearages. He stated:
As far as the arrearage is concerned, because I’ve adopted the agreement— that’s without prejudice to her to come after him for the arrearages.
The final judgment also contained a reservation of jurisdiction:
Except as to the dissolution granted in this Judgment, this Court specifically reserves jurisdiction of this entire matter to enter such further Orders as may be deemed equitable, appropriate and just.
As a result, we find no merit in appel-lee’s argument that the trial court lost jurisdiction to consider appellant’s motion to enforce her claim for the child support ar-rearages. We hold that the property settlement agreement terms and the reservation of jurisdiction in the final judgment were sufficient to preserve appellant’s right to claim prejudgment child support arrearages.
Accordingly, we reverse the trial court’s order of dismissal of appellant’s second amended motion for contempt and remand this cause to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and ANSTEAD and DELL, JJ., concur.